FILED

2004 APR 20  P 4: 14

U.S. DISTRICT COURT
BRIDGEPORT, CONN

The U.S. District Court,

915 Lafayette Boulevard,

Bridgeport, CT 06604

Date: 13th April, 2004

Doc. #: 3:02-CV-00075 (AHN)
BEN. GYASU Vs BELLA VISTA CONDOMINIUM

## MOTION FOR EXTENSION OF TIME

The Court has gratefully granted

the plaintiff's Request For Clarification

However, the referenced Local

Rule 5, a copy enclosed, does not provide

any information about how the plaintiff

could certify a copy of his complaint when there

Page 2

is no appearance to enable the plaintiff know whom to send the copy of the Complaint to

(a)
Because the pro se plaintiff is still doing some research to find out how he could certify a copy of his Complaint as the defendant, Bella Vista Condos, has not provided any appearance (b) the pro se plaintiff does not want to run into any possible statutory time limitation problems to take some action with respect to the Endorsement Order dated the 30th of March, 2004, a copy

Page 3

enclosed, the pro se plaintiff humbly
requests twenty one (21) days or what-
ever Extension Of Time that the court
might deem appropriate, to enable the
plaintiff continue his research to find
out how he could certify a copy of his
complaint and have the complaint filed
accordingly when there is no appearance
on file.

CONCLUSION

Based upon all the above, the plaintiff
prays the motion would be granted.

Respectfully Submitted,
BEN. GYASU,
P.O. BOX 4914,
Waterbury, CT 06704

RECEIVED

JUN 1 0 2003

10/15

FILED

2003 JUL -2 P 2:30

US DISTRICT COURT
BRIDGEPORT CT

FILED

2004 MAR 30 P 2:01

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Alan H. Nevas, U.S.D.J.

The court refers plaintiff to District and of the Federal Rules of the Local Rules of this District and of Civil Rule 5 of the Local Rules of Civil Procedure. SO ORDERED.

March 30, 2004. The Motion is granted.

O2CV15end

The U.S. District Court,

915 Lafayette Blvd.,

BRIDGEPORT, CT. 06604

DATE: 17th JUNE, 2003

BEN. GYABU Vs BELLA VISTA CONDOS.
Doc. # : 3:02-CV-00075 (AHN)

REQUEST FOR CLARIFICATION TO ENABLE
THE PLAINTIFF KNOW HOW TO CERTIFY HIS COMPLAINT
TO HAVE THE COMPLAINT FILED

The Court did not accept

the plaintiff's explanation that he could not

certify his papers for filing because there is

no cunsel on file to whom the plaintiff could

send copies of his papers

However, because

the defendant did not file any appearance let

# RULE 5

## SERVING AND FILING PLEADINGS AND OTHER PAPERS

### (a) Appearance.

Counsel entering a case after the filing of the complaint, whether on behalf of the plaintiff or the defendant, shall file with the Clerk and serve on all parties or their counsel a notice of appearance. The appearance shall include counsel's name, address, zip code, federal bar number, telephone number, fax number and e-mail address, if available.

### (b) Proof of Service.

Proof of service may be made by written acknowledgment of service by the party served, by a certificate of counsel for the party filing the pleading or papers, by a certificate of the *pro se* party filing the pleading or papers, or by affidavit of the person making the service. Where proof of service is made by certificate or by affidavit, the certificate or affidavit shall list the name and address of each person served.

### (c) United States a Party.

In cases in which the United States is a party, three copies of each pleading or other paper filed shall be served upon the United States Attorney or his or her designee in addition to the copies of the summons and complaint required by Rules 4(d)(4) and 4(d)(5), Fed. R. Civ. P.

### (d) Sealed Documents.

1. Counsel seeking to file a document under seal, shall file a motion to seal and shall attach to the motion the document to be sealed. The document shall be submitted in an unsealed envelope, bearing the caption of the case, the case number, and the caption of the document to be sealed. The Clerk of the Court shall file-stamp the motion to seal and the document to be sealed, shall docket the motion and document and shall forward the motion to seal and the document to be sealed to the Court for consideration. If ordered sealed by the Court, the Clerk shall seal the document in the envelope provided by counsel, shall note the date of the sealing order on the envelope and docket sheet. Until such document is ordered sealed, the document shall be treated as public document subject to public inspection. In the alternative, counsel can seek advance permission of the Court to file a document under seal without submitting the document to be sealed.

2. Counsel filing documents which are, or may be claimed to be, subject to any protective or impounding order previously entered shall file with the documents, and serve on all parties, a notice that the documents are, or are claimed