The U.S. District Court,

915 Lafayette Blvd.

Bridgeport, CT 06604

Date: 24th Nov., 2004

Doc. #: 3:02-CV-00-075 (AHN)
BEN. GYADU Vs BELLA VISTA CONDOS

MOTION TO RE-CONSIDER ORDER THAT
DECLARED MOTION FOR EXTENSION OF TIME AS MOOT

The Court has gratefully clarified the Order that declared the Motion For Extension of Time as moot.

In the Court's Clarification the Court explained that the plaintiff asked for twenty one days Extension

Page 2

Of Time to do further research into how to certify pleadings when there is no "appearance" and therefore nobody on file that the certification could be addressed to

According to the Courts' Clarification the Motion For Extension Of Time is moot because the twenty one days Extension Of Time that was asked for had been exhausted for over one hundred days hence.

The Court therefore implied there is no need to enter an order that grants or denies the Motion For Extension

Page 3

Of Time. (i) Since the Motion for Extension Of Time was a pending pleading which the plaintiff knew the Court would enter an order, one form or the other, that responds to the motion to enable the plaintiff know how to proceed further (ii) as of date the plaintiff's strenuous research has not provided the plaintiff with any definate answer to how to certify his pleading to an opponent when there is no appearance except a certification addressed to the management or the agent of service of the defendant (iii) the plaintiff was

Page 4

hoping the Court's response would provide him with some information that would assist him to know what the Court is looking for as the Court did in its endorsement order dated the 30th March, 2004; a copy of the order is enclosed, the pro se plaintiff thought he had to wait for an order on the pending Motion For Extension Of Time.

It never dawned on the pro se plaintiff that by waiting for the Court's order on the pending motion to know the appropriate action he should take, after the 21 days, he would run into other problems, such as the problem of declaring the motion as "moot,"

Page 5

which would complicate the initial problem of serving the defendant with the Amended Complaint.

As a result of this unforeseen problem the plaintiff is confronted with which, in effect, is depriving the plaintiff a chance to serve his Complaint upon the defendant, the plaintiff finds it critical and imperative to move for a re-consideration of the Order that declared the Motion for Extension Of Time as moot, so that the plaintiff would not lose his action as a result of the consequencies of the defendants failure to

Page 6

appear and thus the defendants' default and be subjected to the resultant MANIFEST Injustices

The plaintiff therefore prays the Court would rescind its decision and issue an order that would allow the service of the Complaint upon the defendant through the management or the agent of service of the defendant or the Court would take whatever action that is necessary to enable the plaintiff to serve the Complaint upon the defendant through the management or the agent of service.

For the fact that the on-going problems would have been prevented and the

Page 7

defendant would have been served with the Amended Complaint, had the defendant issued an appearance which would have provided the plaintiff of the needed information of whom to certify his filings or pleadings, the plaintiff prays he would not be made to lose his action upon the consequencies of the defendants failure to appear and suffer the adverse consequencies of the resultant MANIFEST Injustices.

## CONCLUSION

Based upon all the above the plaintiff prays he would not be made to lose his action as a result of the

Page 8

consequencies of the defendants' failure to appear and that the Court would issue an order that would enable the plaintiff to serve his complaint upon the defendant and certify it through the management or agent of service.

Respectfully Submitted

BEN· GYAGU

P. O. BOX 4314

Waterbury, CT 06704.